TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL
DATE 9/7/16 Kim Redmon DC

2016-SC-000204-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                           IN SUPREME COURT

BRYAN SAMUEL COFFMAN                                   RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association recommended that Bryan Samuel Coffman,[1] currently residing in the Federal Correctional Institution in Ashland, Kentucky, be permanently disbarred from the practice of law. We adopt the Board's recommendation.

This matter came before the Board on September 18, 2015, as a default matter under Supreme Court Rule (SCR) 3.210. The Board voted to recommend Coffman guilty of violating SCR 3.130(8.3). In considering the appropriate penalty for this ethical violation, the Board considered the multitude of felonies for which Coffman was convicted, the fraudulent nature of those crimes, the Board's prior history of recommending permanent disbarment for members convicted of crimes involving knowing dishonesty and misappropriation of

---

[1] KBA Member No. 88183.

Bar Roster Address: 2343 Alexandria Drive, Ste. 140, Lexington, KY 40504.

1

client funds, and relevant provisions of the American Bar Association Standards for Imposing Lawyer's Sanctions.

Coffman has failed to file an Answer to the charge filed by the Inquiry Commission on June 12, 2015, and he is in default. The Inquiry Commission filed an Order of Submission on September 30, 2015. We accordingly find him guilty of the aforementioned violation and order that he be permanently disbarred as recommended by a majority of the voting Board members, and we further adopt verbatim the Board's Findings of Fact as follows:

## FINDINGS OF FACT

Respondent was charged by the Inquiry Commission on June 12, 2015 with one count of improper conduct as follows:

The Respondent violated SCR 3.130(8.3), in effect before the July 15, 2009 amendments, in that he was indicted on December 4, 2009 in the United States District Court for the Eastern District of Kentucky at Lexington under case number 5:09-cr-181-KKC, alleging criminal violations of federal law involving wire fraud, money laundering and securities fraud. SCR 3.130(8.3), in effect before the July 15, 2009 amendments, stated in part: "It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [and] (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Following a jury trial, Respondent was convicted on May 11, 2011, of twenty-seven (27) counts of wire fraud, conspiracy to commit money laundering, money laundering and securities fraud involving approximately 600 individuals and a total monetary loss of $36,464,060.86. On May 2, 2012, Respondent was sentenced to 300 months in prison and ordered to pay restitution for the amount of the monetary loss sustained.

Respondent appealed his conviction to the United States Court of Appeals for the Sixth Circuit which affirmed his conviction and sentence on July 22, 2014. The opinion of the Sixth Circuit Court of Appeals is unpublished, but reported as *United States v. Coffman*, 574 Fed. Appx. 541 (6th Cir. 2014). The Court of Appeals denied the Respondent's petition for rehearing *en banc* on September 5, 2014.

2

The United States Supreme Court denied the Respondent's petition for a writ of certiorari on March 23, 2015.

The Respondent's conviction is now final as he has exhausted all available appellate steps.

Coffman was initially suspended from practicing law due to the criminal indictment in accordance with SCR 3.166. The Inquiry Commission subsequently filed a complaint on September 28, 2012. Coffman responded to the complaint, and the matter was placed in abeyance while Coffman appealed his conviction. The case was removed from abeyance in March 2015, and Coffman filed a response to the original complaint.

The Inquiry Commission filed formal charges on June 12, 2015. Copies of the charges were sent to Coffman's bar address as well as the correctional facility where he was serving his criminal sentence. The charges were also served through the Executive Director of the Kentucky Bar Association on August 11, 2015. The Board concluded Coffman's conviction of twenty-seven separate felonies is a clear violation of SCR 3.130(8.3) and recommended finding him guilty by a unanimous vote of voting Board members. Neither Coffman nor Bar Counsel has filed a notice of review under SCR 3.370(8), nor do we independently elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

Accordingly, the Court ORDERS:

1) Bryan Samuel Coffman is guilty of violating SCR 3.130(8.3), for which he is permanently disbarred from the practice of law; AND

2) In accordance with SCR 3.450, Coffman is directed to pay all costs associated with these disciplinary proceedings, the sum of $677.79, for

3

which execution may issue from this Court upon finality of this Opinion and Order.

3) In accordance with SCR 3.390, Coffman must notify, by letter placed in the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and provide copies of the letter to the Office of Bar Council.

4) Coffman must immediately cancel any pending advertisements and terminate any advertising activity.

All sitting. All concur.

ENTERED: August 25, 2016.

_____
CHIEF JUSTICE

4